IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALEX J. BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:25-cv-02778-SHL-atc |
| ) | |
| SHELBY COUNTY JAIL, ET AL., ) | |
| ) | |
| Respondents. ) | |

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET AND DIRECTING
RESPONDENT TO FILE THE STATE COURT RECORD AND
A RESPONSE TO THE § 2254 PETITION**

Petitioner Alex J. Brown, Tennessee Department of Correction identification number 363160, an inmate now confined at the Shelby County Division of Corrections (the "SCDC") in Memphis, Tennessee,[1] filed a *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("§ 2254 Petition," ECF No. 2). On November 13, 2025, Brown paid the filing fee. (ECF No. 11.) The § 2254 Petition is before the Court on preliminary review.

It is **ORDERED**, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), that Alexander file a response/answer to the § 2254 Petition within twenty-eight days. The answer shall include the complete state-court record, organized and appropriately indexed, as required by Administrative Order 16-31. *See* 28

---

[1] The proper Respondent to a habeas petition is the petitioner's custodian. *Rumsfield v. Padilla*, 542 U.S. 426, 434-35 (2004). Because Brown has been transferred to the SCDC, the current Respondent is Director Anthony Alexander. The Clerk is directed to terminate Floyd Bonner, Jr. and the Shelby County Jail as Respondents.

U.S.C. § 2254(b)(1).[2]  For each claim, the answer shall, at a minimum, address the timeliness of the § 2254 Petition, state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses.  Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses.  Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument.

Pursuant to Rule 5(e), Brown may, if he chooses, submit a reply to Alexander's answer or response within twenty-eight days of service.  Brown may request an extension of time to reply if his motion is filed on or before his reply's due date.  The Court will address the merits of the § 2254 Petition, or of any motion filed by Alexander, after the expiration of Brown's time to reply, as extended.

It is **ORDERED** that the Clerk shall send a copy of the petition (ECF No. 2) and this Order to Alexander and the Tennessee Attorney General and Reporter by certified mail.  *See* Habeas Rule 4.

---

[2] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate.  *See* Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/sites/tnwd/files/LocalRules.pdf (last accessed Nov. 14, 2025).

It is **ORDERED** that the Clerk mail the Parties the form for Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (AO 85).

**IT IS SO ORDERED,** this 14th day of November, 2025.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
UNITED STATES DISTRICT JUDGE